Karen R. Smutny, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Terrence Herron*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 18, 1979:

This is an appeal by petitioner (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to a finding of willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Claimant was employed as a Home Health Aide-Homemaker for Home Health Services of Hazleton, Pennsylvania, from June 5, 1974 through January 14, 1977. Claimant's job was to make home visits to house-bound patients and while there, perform nurse's aide-like tasks for them. During the course of her employment at Home Health Services claimant received two counseling reports on June 9, 1975 and one counseling report/reprimand on July 23, 1976, which were basically complaints about her work. She was given another reprimand on August 9, 1976 for poor performance and for skipping patient appointments and not telling her supervisors that she had done so. She was discharged on January 19, 1977 for failing to come to work for four days due to car problems.

Claimant asserts that there was not sufficient competent evidence for the referee to find willful misconduct. The referee's findings of fact in pertinent part were:

2. Claimant was discharged for continued demonstration of behavior contrary to the best interests of her employer and culminated in absences on Monday and Tuesday, January 10th and 11th, and Monday and Tuesday, January 17th and 18th.

3. Claimant was absent on January 10th and 11th because her car required fender repair. Public transportation was available and was within reasonable commuting distance from her residence.

4. The employer was forced to alter established schedules to personally visit elderly home-bound patients by adding caseloads to other nurses' aides; imposing a work load on the supervisor and postponing the health care to some patients.

5. Public transportation, although burdensome, was available to claimant for maintaining her regular schedule in performing health care to home-bound patients.

6. Claimant was previously reprimanded and counselled on several occasions regarding her substandard work performance, absences, and changing her established work schedule without authorization.

. . . .

8. Claimant was again absent on Monday, January 17th and Tuesday, January 18th, due to car trouble. She did not avail herself of public

transportation and again disrupted the employer's home-call schedule.

He therefore concluded:

The established record reveals a pattern of behavior by the claimant which clearly demonstrated utter disregard of her employer's best interests. This is supported by her substandard work performance, changing work schedules without authorization, and questionable absenteeism which placed additional burdens on her employer. Under the circumstances, the Referee concludes claimant provoked her discharge due to misconduct.

From our reading of the record we conclude that the referee reached a reasonable conclusion based on substantial evidence.

The record reveals that claimant knew her car was essential to her job; she signed an agreement saying she would provide her own car for it. Even knowing this she scheduled minor fender repair work for a day when she had patient appointments. This was clearly not a crucial repair since she had been driving the car in that condition for over a month.

We agree with the referee that this can be described as a willful disregard of employer's interests and a disregard of the standards of behavior which the employer has a right to expect of an employee. It is, therefore, willful misconduct.

Accordingly, we will enter the following

ORDER

AND Now, January 18, 1979, the order of the Unemployment Compensation Board of Review dated May 9, 1977, Decision No. B-145046, denying benefits is hereby affirmed.